IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: Michael Nielsen<br>Debtor(s) | §<br>§<br>§<br>§ | Case No: 17-30113-H5-13 |

**MOTION TO DISMISS FOR FAILURE TO MAKE PAYMENTS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.** If a response is filed, a hearing on this motion will be held at 9:30 am on Thursday, June 11, 2020 at the U.S. Courthouse, 515 Rusk, Houston, Texas 77002, Courtroom # 403.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

William E. Heitkamp, Trustee, moves to dismiss this case based on the debtor(s), failure to make required payments. At the time of the filing of this motion the debtors are delinquent $6750.00, an amount constituting not less than 2 months of required payments.

The total amount of the payments due under the plan at the time of the filing of this motion is $89,641.60. The total of all funds paid to the Trustee as of the date of filing of this motion is $82,891.60. An itemized payment history may be obtained by accessing the National Data Center's website at www.NDC.org.

NOTICE TO DEBTORS: YOU MUST DO ONE OF THE FOLLOWING:

1. BRING YOUR PAYMENTS CURRENT WITHIN 15 DAYS OF THE DATE ON THIS MOTION.

2. FILE A RESPONSE THAT SHOWS THAT YOUR PAYMENTS ARE CURRENT.

IF YOU FAIL TO DO SO, THE BANKRUPTCY COURT MAY DISMISS YOUR BANKRUPTCY CASE AND MAY DO SO WITHOUT A HEARING.

If a timely response is filed, a hearing will be held on June 11, 2020 at 9:30 am at the U.S. Courthouse, 515 Rusk, Houston, Texas 77002, Courtroom # 403.

For these reasons, Trustee prays that the Court enter an Order of Dismissal or such other relief as may be deemed just and appropriate.

Respectfully Submitted,

/s/ William E. Heitkamp, Trustee
William E. Heitkamp, Trustee
Admissions Id. No. 3857
Kenneth P. Thomas, Staff Attorney
Admissions Id. No. 1347
Tiffany D. Castro, Staff Attorney
Admission Id. No. 1419995
Yvonne V. Valdez, Staff Attorney
Admissions Id. No. 1129795
9821 Katy Freeway, Suite 590
Houston, Texas 77024
(713) 722-1200 Telephone
(713) 722-1211 Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on or before 03/19/2020, a true and correct copy of the foregoing Chapter 13 Trustee's Motion to Dismiss was served on the parties listed below in the manner shown below.

By First Class Mail:

Michael Nielsen
981 Arbor Way
Conroe, Tx  77303

Via ECF on the date the pleading was filed:
BAKER, REESE W, Debtor's Attorney

Office of the US Trustee

/s/ William E. Heitkamp

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In Re: Michael Nielsen　　　　　§　　　　　Case No: 17-30113-H5-13
　　　　Debtor(s)　　　　　　　　§
　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§

## ORDER OF DISMISSAL

　　1.　On the chapter 13 trustee's motion, this case is dismissed. The Court's reasons for dismissal were stated on the record in open court.

　　2.　The deadline for filing an application for an administrative expense in this case is set at 21 days following the entry of this Order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

　　3.　If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of an administrative expense under § 503 if the new application only seeks allowance of the same professional fees and expenses previously requested.

　　4.　Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

　　5.　The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

　　(a)　First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

　　(b)　Second, to any unpaid chapter 13 trustee's statutory compensation;

　　(c)　Third, the balance on hand in the Reserves for *ad valorem* taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

　　(d)　Fourth, the balance in any other Reserve account to the Debtor;

　　(e)　Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

　　(f)　Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to reserve for any filed applications for which no order has yet been entered; and

　　(g)　Seventh, to the Debtor(s).

　　Any party−in−interest objecting to the "for cause" distributions under this paragraph must file an objection within 14 days of entry of this Order. The chapter 13 trustee will defer making distributions under this paragraph until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.